IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| EDDIE ALBERTO ROMAN, | § | |
| Plaintiff, | § § § | |
| v. | § § | 6:17-CV-065 RP |
| DOCTOR'S ASSOCIATES, INC., and CARIBBEAN FRANCHISES, INC., | § § § | |
| Defendants. | § § | |

## **ORDER**

Before the Court is Plaintiff's pro se complaint asserting violations of the Americans with Disabilities Act ("the ADA"). (Comp., Dkt. 1, at 3). He alleges that he was denied services at Defendants' Subway Restaurant in Arecibo, Puerto Rico, because managers and employees would not allow his service dog, Pilot, to remain in the store. (*Id.* at 3–5). Plaintiff seeks both monetary damages and certain injunctive relief, including an order "[r]equiring all company own[ed] and franchise[] operated Subway Restaurants in Puerto Rico to have wording that service dogs are allowed at their entrance in both English and Spanish," and requiring that all of Defendant's employees "in Puerto Rico receive[] proper initial and refresher training on the [ADA] requirements regarding service dogs." (*Id.* at 6–7).

After review of Plaintiff's complaint, the Court finds that this action should be transferred to the United States District Court for the District of Puerto Rico. Venue in this case is governed by the general venue statute codified in 28 U.S.C. § 1391. Section 1391 provides, in relevant part, a civil action filed in federal district court may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391. For the purposes of venue, a defendant is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

The address Plaintiff has provided for Defendant Doctor's Associate, Inc., the parent company for the Subway restaurants, is in Miami Springs, Florida, and the address provided for Defendant Caribbean Franchises, Inc. is in San Juan, Puerto Rico. For the purposes of venue, both defendants reside in Puerto Rico because Defendant Doctor's Associates, Inc. does business there and Defendant Caribbean Franchises, Inc. resides there. According to the complaint, all events or omissions giving rise to Plaintiff's claim occurred in Puerto Rico.

Pursuant to 28 U.S.C. § 1404, "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Puerto Rico constitutes one judicial district. 28 U.S.C. § 119. This action could have been brought in the District of Puerto Rico, given it is where the actions giving rise to this lawsuit occurred, and where both Defendants reside. 28 U.S.C. § 1391(b).

Accordingly, it is therefore **ORDERED** that the above-referenced case is **TRANSFERRED** to the United States District Court for the District of Puerto Rico

**SIGNED** on April 28, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE